■ RAE BERMAN et al., Respondents, v TOWN OF LIBERTY, Appellant, et al., Defendants. — Appeal by defendant Town of Liberty from that part of an order of the Supreme Court at Special Term (Conway, J.), entered August 18, 1981 in Sullivan County, which denied said defendant's cross motion for summary judgment dismissing the complaint. In this action, plaintiffs seek recovery of property damages resulting from the overflow of Mongaup Creek which runs through their property. They allege negligence in the interference with, and alteration of, the natural condition of the creek and its tributaries, increasing or retarding the water flow, caused by unsuitably built and maintained constructions, including storm sewers, drainage facilities, a bridge, and culverts, and improper dredging and excavation operations, all of which caused the creek to overflow on their property, damaging retaining walls and footings, and causing property erosion. Defendants, in addition to denials, interpose cross claims against each other. This appeal is from the denial of defendant Town of Liberty's cross motion for summary judgment seeking dismissal of the complaint and cross claims against the town. There should be an affirmance. Summary judgment should not be granted unless it clearly appears that no triable or material issue of fact exists as to a movant's liability (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395). In its supporting affidavit, defendant town asserts that the Village of Liberty is solely responsible for the maintenance of Mongaup Creek, and that no evidence was presented to establish a causal relation between the repair work defendant performed on the bridge in 1969 and the damages complained of. The record shows that as a result of flooding in 1969, the town, with Federal assistance, repaired certain footings on the Neversink Road Bridge; that an independent contractor, paid

by the town, performed the work; and that the town supervisor had occasion to observe this work. Contrary to defendant's averments, plaintiffs specifically attribute their damages, at least in part, to the improper reconstruction and maintenance of the bridge, as affecting the water flow of Mongaup Creek. In his affidavit in rebuttal, plaintiffs' attorney produced a "preliminary letter" prepared by their engineering expert which indicated the high water turbulence may have been aggravated by a 12-inch water main located in the area of the bridge opening, as well as by a lowering of the brook bed downstream and by the littered stream channel. Although the street commissioner for the Village of Liberty indicated in his deposition that the village water department was responsible for the repair and maintenance of that pipe, this factor alone does not alleviate defendant's liability. Plaintiff Barry Berman, in his affidavit in opposition, stated that he "personally observed members * * * of the Town of Liberty working in and about the creek, the bridge, and the box culvert". This statement bears significantly on the issue of defendant's duty to maintain the creek. Since there is an obvious conflict over whether defendant was responsible for maintenance of the creek and whether the repairs concededly rendered in 1969 in any manner occasioned the damage to plaintiffs' property, genuine issues of fact are presented sufficient to defeat a summary judgment motion. Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.